HIDEHISA SEMBA, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee.
No. 28918.
Intermediate Court of Appeals of Hawaii.
April 27, 2009.
On the briefs
Shawn A. Luiz, for Petitioner-Appellant.
Donn Fudo, Deputy Prosecuting Attorney and Lisa M. Itomura, Diane K. Taira, Deputy Attorneys General for Respondent-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, NAKAMURA and LEONARD, JJ.
Petitioner-Appellant Hidehisa Semba (Semba) appeals from the Findings of Fact, Conclusions of Law and Order Denying Petition to Vacate, Set Aside, or Correct Judgment, Filed On October 25, 2005, and Transferring Claim Five to the Civil Calendar filed on November 29, 2 007 (Order Denying Rule 40 Petition) in the Circuit Court of the First Circuit (Circuit Court),[1]
In Crim. No. 00-1-0137, Semba was charged with: Count I, burglary in the first degree in violation of Hawaii Revised Statutes (HRS) § 708-810(1)(c); Counts II and IV, kidnapping in violation of HRS § 707-720(1) (e); Count III, kidnapping in violation of HRS § 707-720 (1) (d); Count V, terroristic threatening in the first degree in violation of HRS § 707-716 (1) (d); Count VI, assault in the second degree in violation of HRS § 707-711(1)(d); Count VII, attempted assault in the first degree in violation of HRS § 707-710 and HRS § 705-500; Count VIII, promoting a dangerous drug in the third degree in violation of HRS § 712-1243; Counts IX and XI, unlawful use of drug paraphernalia in violation of HRS § 329-43.5; and Count X, promoting a detrimental drug in the third degree in violation of HRS § 712-1249.
Pursuant to a plea agreement, Semba entered a guilty plea to Counts I, III, IV, V, VI, VII, VIII, and IX. There was a nolle prosequi of Counts II, X, and XI filed on February 13, 2001.
On February 12, 2001, in addition to a separate order for restitution in the amount of $10,500.00, the Circuit Court sentenced Semba to concurrent terms of incarceration as follows: Count I, ten years; Counts III and IV, twenty years; Counts V, VI and IX, five years; Count VII, ten years; and Count VIII, five years with a mandatory minimum term of two years and six months. No direct appeal was taken.
On October 25, 2005, Semba filed a Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (Rule 40 Petition). Semba raised the following issues in the Rule 40 Petition:
(1) Semba's guilty plea was entered based on his misunderstanding that he would be deported to Japan after serving the mandatory minimum term of two years and six months of incarceration;
(2) Semba was denied effective assistance of counsel because his attorney failed to read the plea agreement to Semba or to have the plea agreement read to him in Japanese and promised him that he would be deported to Japan after the mandatory minimum;
(3) The paroling authority should have released him to Immigration and Naturalization Service for deportation to Japan; and
(4) The Circuit Court erred in failing to provide Semba with a qualified interpreter.
On June 29, 2006, the Circuit Court filed an Order Granting Limited Hearing on Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (Order Granting Hearing). The Order Granting Hearing allowed for a hearing solely on the issue of the qualifications of the interpreter. Semba was appointed counsel on August 21, 2006.
Hearings on the Rule 4 0 Petition were held on August 25, 2006, December 15, 2006, February 15, 2006, May 25, 2007, and July 13, 2007.
On November 29, 2007, the Circuit Court entered the Order Denying Rule 4 0 Petition, which denied the Rule 4 0 Petition on all grounds except that it transferred to the civil calendar the allegation that Semba's attorney failed to pay Semba's restitution with money provided by Semba for that purpose.
On appeal, Semba challenges the following three conclusions of law:
6. While Petitioner hoped that his case and the Rule 11 plea agreement would result in him serving two and a half years and then being paroled and deported to Japan, the transcript of proceedings held on September 26, 2000 clearly indicates that Petitioner acknowledged that his term of imprisonment could be longer.
8. A review of the transcript of proceedings held on September 26, 2000, show [sic] that Petitioner's Ground One is patently frivolous without a trace of support in either the record or exhibits submitted by Petitioner.
21. Petitioner has not met his burden of rebutting the presumption that interpreter Masako Yamatani accurately interpreted the court proceedings. Petitioner's Ground Four is hereby denied.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Semba's contentions as follows:
There was substantial evidence to support the Circuit Court's finding that Semba understood that he could be incarcerated for longer than two and one-half years including Semba's statements at the change of plea hearing and the written translation of the plea form and addendum.
Semba's challenge to the validity of the plea is based on his claim that he did not understand that he might not be deported immediately after the expiration of the mandatory minimum term of imprisonment. Semba's purported misunderstanding as to the collateral consequences of his plea, including when he might be paroled, is not a sufficient basis for the withdrawal of a guilty plea after sentencing. A withdrawal of a plea after sentencing requires a showing that manifest injustice would otherwise result. State v. Nguyen, 81 Hawai'i 279, 286, 916 P. 2d 689, 696 (1996). Manifest injustice exists if the defendant entered the plea "without knowledge of the direct consequences of the plea." Id. at 292, 916 P.2d at 702 (emphasis added); see also D'Ambrosio v. State, 112 Hawai'i 446, 461, 146 P.3d 606, 621 (App. 2006). The setting of a minimum term by the Hawai'i Paroling Authority inconsistent with Semba's hope that he would be paroled and deported was not a direct consequence of his guilty plea and therefore, his misunderstanding regarding the minimum term was not a sufficient basis for the withdrawal of his guilty plea. See D' Ambrosio, 112 Hawai'i at 461, 146 P. 3d at 621.
Semba argues that, although deportation consequences to a guilty plea are collateral consequences, the Circuit Court was required by statute to ensure that Semba understood those consequences. HRS § 802E-2 (1993) requires a court to administer a specific advisement to a defendant before that defendant enters a plea of guilty. The advisement required by HRS § 802E-2 warns the defendant that deportation, exclusion, and denial of naturalization may be consequences of the conviction. It does not require a further explanation of deportation or a comprehensive explanation of the deportation process. The Circuit Court gave the required advisement. Semba does not assert that he did not understand that deportation might be a consequence of the conviction.
A hearing was held on the issue raised in the Rule 40 Petition regarding the qualifications of the interpreter. At the hearing, the interpreter, Masako Yamatani (Yamatani), testified as to her education in English, her experience teaching English in Japan for about ten years, the two court interpreter training programs she attended at the University of Hawai'i, and her experience as an interpreter in Japanese and English for approximately 3 0 years. She also testified that she has served as an interpreter in state and federal courts and is not aware of any prior challenge to her qualifications as an intepreter. Semba did not dispute Yamatani's experience or training. During the change-of-plea colloquy between Semba and the court, Semba indicated, inter alia, that he understood the change of plea and the maximum sentences for each of the counts to which he was pleading guilty based on the plea agreement form, which was translated in writing from English to Japanese, and his lawyer's explanation. Semba answered numerous questions of the court, providing yes or no or other answers appropriately, had no questions about the plea, and affirmatively stated that he agreed to a sentence of "[l]ess than 20 years."
There is a rebuttable presumption that an interpreter in the course of performing his official duty has acted regularly.. . . Although an interpreter may have encountered some difficulties translating the testimony, those difficulties, without more, are not sufficient to rebut the presumption.
State v. Casipe, 5 Haw. App. 210, 214, 686 P.2d 28, 33 (1984) (citations omitted).
In light of Yamatani's extensive experience as an interpreter and her training as a court interpreter, as well as the record of change-of-plea proceedings, the Circuit Court did not err in determining that Semba failed to overcome the presumption that Yamatani had performed her duties properly and that he had failed to establish that Yamatani's translations had resulted in a denial of his constitutional rights.
For these reasons, we affirm the Circuit Court's November 29, 2007 Order Denying Rule 40 Petition.
NOTES
[1] The Honorable Virginia Lea Crandall presided.